UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAQUEL D'SARONNO,

    Petitioner,

v.                                                    CASE NO. 6:15-cv-610-Orl-37TBS
                                                              (6:11-cr-255-Orl-37TBS)
                                                              (6:11-cr-374-Orl-37TBS)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case involves an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 5) filed by Raquel D'Saronno. The Government filed a response (Doc. 8) to the amended § 2255 motion in compliance with this Court's instructions. Petitioner filed a reply to the Government's response (Doc. 14).

Petitioner asserts eighteen grounds for relief. For the following reasons, Petitioner's amended § 2255 motion is denied.

### I. PROCEDURAL HISTORY

In case 6:11-cv-255-Orl-37TBS, Petitioner was charged by indictment with wire fraud in violation of 18 U.S.C. § 1343 (Count One), six counts of bank fraud in violation of 18 U.S.C. § 1344 (Counts Two through Seven), and three counts of uttering a counterfeit check in violation of 18 U.S.C. § 513(a) (Counts Eight, Nine, and Ten). (Criminal Case No. 6:11-cr-255-Orl-37TBS, Doc. 1). Petitioner was subsequently charged in case 6:11-cr-374-Orl-37TBS with two counts of possession of a firearm by a convicted felon in violation

of 18 U.S.C. § 922(g) (Counts One and Two). (Criminal Case No. 6:11-cr-374-Orl-37TBS, Doc. 1).[1] Pursuant to a global plea agreement, Petitioner entered a plea of guilty to two counts, Count One of Criminal Case I and II. (Criminal Case I, Doc. 78). The Government dismissed the remaining ten counts in accordance with the plea agreement. (Criminal Case I, Doc. 107). The Court sentenced Petitioner to concurrent seventy-two month terms of imprisonment to be followed by a five-year term of supervised release. *Id*. Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed her convictions. (Criminal Case I, Doc. 151).

## II. LEGAL STANDARD

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors,

---

[1] Criminal Case 6:11-cr-255-Orl-37TBS and Criminal Case No. 6:11-cr-374-Orl-37TBS will be referred to as "Criminal Case I" and "Criminal Case II" respectively.

he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

**A.     Grounds One, Two, Six, Seven, Thirteen, and Sixteen**

In Grounds One, Two, Six, Seven, Thirteen, and Sixteen, Petitioner seemingly raises claims of ineffective assistance of counsel in relation to the plea process, which

3

arguably challenges the voluntariness of her plea. Specifically, Petitioner contends counsel rendered ineffective assistance by (1) forcing her to enter the plea and by not moving to withdraw it (Ground One), (2) failing to correct the factual basis contained in the plea agreement and refusing to go to trial after counsel was appointed to represent Petitioner and had requested $40,000 (Ground Two), (3) lying to Petitioner to make her take the plea offer and then failing to withdraw the plea after the Government refused to file a substantial assistance motion (Ground Six), (4) forcing her to take a plea by promising her that she would get eight months of credit for extra time served in federal custody from 2006 to 2007, which would allow her to go home (Ground Seven), (5) forcing her to answer only "yes" or "no" at the plea hearing "with the promise that . . . she will have the promise [sic] hearing for pretrail [sic] release reinstate [sic] again. . . ." (Ground Thirteen);[2] (6) refusing to correct the factual basis of the plea agreement, namely to reflect that her husband was the mastermind of the offenses (Ground Seventeen); and (7) failing to present the defense that Secret Service agents entrapped her and failing to notify the Court that "a deposit of $165.000 [sic] dollars" has been made, which could have been used for restitution (Ground Eighteen).[3] (Doc. 5 at 4-5, 14-15, 25, 29, 32).

---

[2] Similar to Ground Thirteen, in Ground Four, Petitioner asserts *inter alia* that counsel trained her to say yes or no at the plea hearing. (Doc. 5 at 8). The Court will consider this portion of Ground Four in conjunction with Ground Thirteen. The remainder of the allegations in Ground Four will be addressed *infra*.

[3] The Court notes it is not clear to what Petitioner is referring regarding a monetary deposit. Petitioner does not indicate where a deposit was made, by whom, or when it was done. Consequently, this portion of Ground Eighteen is denied as vague and

These grounds are refuted by Petitioner's sworn representations during the plea hearing. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner affirmed that she understood the importance of being truthful during the plea hearing. (Criminal Case I, Doc. 117 at 3). Petitioner told the Court she had read the plea agreement, understood it, and knew that by entering the plea, she would be admitting the truth of the charges. (*Id*. at 4, 10, 18). Petitioner indicated that she understood she was presumed innocent and had the right to proceed to trial with an attorney and to call witnesses. (*Id*. at 9-10). Petitioner affirmed she understood that by pleading guilty, she was waiving her right to present any defenses. (*Id*. at 11).

The Court advised Petitioner that Count One in Criminal Case I carries a maximum sentence of thirty years imprisonment and Count One in Criminal Case II carries a maximum sentence of ten years imprisonment. (*Id*. at 15-16). Petitioner said she understood that her guideline range would not be determined until the PSR was completed, that the Court could depart from the guidelines if it chose to do so, and that if Petitioner's sentence was more severe than estimated by her attorney, she would not be allowed to withdraw her plea. *Id*. at 12-13. Petitioner indicated that she understood that the Government agreed to recommend a sentence at the low end of the guideline

---

conclusory.

range and that the decision of whether to move for a reduction for substantial assistance was entirely up to the Government. (*Id.* at 20).

Petitioner then affirmed that she understood the charges and admitted that she committed the acts set forth in Counts One of both criminal cases. (*Id.* at 25). Specifically, Petitioner admitted that she, willfully and with an intent to defraud, knowingly devised or participated in a scheme to defraud or to obtain money or property by means of false pretenses, representations, or promises. (*Id.* at 25-26). Petitioner further indicated that she had knowingly possessed a firearm in or affecting interstate commerce after she had been convicted of a felony. (*Id.* at 26). In ascertaining whether the factual basis of the plea agreement was accurate, the Court advised Petitioner "that there will be no equivocation with respect to the information that's contained in the factual basis." (*Id.* at 32). Petitioner subsequently affirmed that she had reviewed the factual statement in the plea agreement with her attorney and independently and that she agreed with the information contained in the factual statement. (*Id.* at 33).

Petitioner indicated that she was voluntarily entering the plea and that no one had threatened, forced, or coerced her in any manner in relation to her decision to plead guilty. (*Id.* at 27). Petitioner responded negatively when asked if anyone had made any promises of any kind to induce her to plead guilty other than those contained in the plea agreement. (*Id.*). Petitioner denied that she was relying on any promise concerning her sentence that was not contained in the plea agreement or that anyone had promised her she would receive a "light sentence or be otherwise rewarded by pleading

guilty" other than per the terms of the plea agreement. (*Id.*).

Petitioner told the Court she was very satisfied with counsel's representation and had no complaints whatsoever with his representation. (*Id.* at 29). Furthermore, Petitioner told the Court that no one had coached her or suggested that she answer any of the undersigned's questions untruthfully. (*Id.*). Petitioner affirmed that she had been truthful during the plea hearing. (*Id.*). In addition to Petitioner's representations, defense counsel told the Court that there had been no assurances or promises outside the terms of the plea agreement given to Petitioner. (*Id.* at 28).

Based on Petitioner's sworn representations to this Court, she has not established that counsel rendered deficient performance as alleged in Grounds One, Two, Six, Seven, Thirteen, and Sixteen. Petitioner knowingly and voluntarily chose to enter a plea.[4] Moreover, Petitioner has not demonstrated that a reasonable probability exists that she would not have entered the plea and would have proceeded to trial on all twelve counts but for counsel's alleged deficiencies. In fact, Petitioner explicitly states that the relief she is seeking is a reduction of her sentence in both cases. *See* Doc. 5 at 12. For all of these reasons, Grounds One, Two, Six, Seven, Thirteen, and Sixteen are denied pursuant

---

[4] The three primary requirements imposed by Federal Rule of Criminal Procedure 11 before the Court may accept a plea of guilty are: "'(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" *United States v. Garcia*, 322 F. App'x 918, 919 n.2 (11th Cir. 2009) (quoting *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996)).

to *Strickland*.

### B.     Grounds Three, Five, Eleven, and Twelve

Grounds Three, Five, Eleven, and Twelve relate to the involvement or culpability of Petitioner's husband in the offenses. Petitioner maintains counsel rendered ineffective assistance by (1) refusing to call Agent R. Johnsten to testify that Petitioner told him to charge only her, and not her husband, no matter what evidence was found (Ground Three), (2) failing to submit letters she sent to Judge Antoon asking the Court not to charge her husband for his firearms (Ground Five), (3) refusing to call any witnesses to prove that Petitioner's husband committed the offenses (Ground Eleven), and (4) falsely telling her that ATF agents were going to meet with her to obtain information showing that her husband possessed the firearms, which would help reduce her sentence (Ground Twelve).   (Doc. 5 at 6, 13, 21, 23).

These grounds are refuted by Petitioner's sworn representations during the plea hearing. As discussed *supra*, Petitioner affirmed that she understood she would be waiving any defense to the offenses by entering the plea. Petitioner admitted that she committed the offenses and stated that she was very satisfied with counsel's representation. Finally, Petitioner affirmed that the information contained in the factual statement of the plea agreement was correct and established her guilt.

From Petitioner's allegations, she knew of all the purported evidence that "proved" her husband committed the offenses before she entered the plea. Nevertheless, she knowingly and voluntarily chose to plead guilty to two of the twelve

8

counts. In light of Petitioner's sworn representations, she has not demonstrated either deficient performance or prejudice.[5] Accordingly, Grounds Three, Five, Eleven, and Twelve are denied pursuant to *Strickland*.

### C. Grounds Four, Eight, Nine, Ten, Fourteen, Fifteen, and Seventeen

In Grounds Four, Eight, Nine, Ten, Fourteen, Fifteen, and Seventeen, Petitioner asserts counsel rendered ineffective assistance in relation to her sentencing. Specifically, Petitioner contends that counsel rendered ineffective assistance by (1) failing to object to her sentence for possession of a firearm by a convicted felon on the basis that the offense level was incorrect (Ground Four), (2) telling her she would receive a one-year sentence reduction if she requested a "substance abuse program" (Ground Eight), (3) refusing "to use any of the 108 mitigation factors to warrant a down [sic] departure" (Ground Nine), (4) lying and threatening her by saying "it [sic] was no way the offense level will not go down because it [sic] was no way possible to lose any variances in such cases" (Ground Ten), (5) lying to her and her family about traveling to Puerto Rico to speak with Petitioner's family to obtain information to present at sentencing in support of her post-traumatic stress disorder (Ground Fourteen); (6) refusing to have the PSR corrected (Ground Fifteen); and (7) refusing to ask the Court for a twenty-two day credit for time served in home confinement while on pretrial release (Ground Seventeen). (Doc. 5 at 8,

---

[5] To the extent Petitioner intends for any of these grounds to assert that counsel rendered ineffective assistance in relation to Petitioner's sentencing, they are denied for the reasons set forth in section III(C) *supra.*

9

17, 19-20, 26, 27, 31).

Pursuant to the plea agreement, Petitioner agreed:

[T]his Court has jurisdiction and authority to impose any sentence up to the statutory maximum and [Petitioner] expressly waives the right to appeal [her] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds . . . [her] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then. . . [Petitioner] is released from his [sic] waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Criminal Case I, Doc. 78 at 15-16) (emphasis in original). During the change of plea hearing, Petitioner affirmed that she understood the appeal waiver and understood that by pleading guilty, she was waiving her right to collaterally attack her sentence under § 2255. (Criminal Case I, Doc. No. 117 at 21-22.) Petitioner indicated that she was freely and voluntarily waiving her right to attack her sentence directly or collaterally. (*Id*. at 22).

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack her sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing. *Id*. at 1342. Therefore, a defendant's knowing and voluntary waiver pursuant to a plea agreement generally bars her from pursuing

collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself.[6]

The Court concludes that the plea agreement and waiver were knowingly and voluntarily entered. As set forth above, the Court addressed the appeal waiver provision during the change of plea hearing. Moreover, the record reveals that Petitioner understood the full significance of her waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing.").

Based on the plea agreement and Petitioner's representations during the plea hearing, the Court concludes that Grounds Four, Eight, Nine, Ten, Fourteen, Fifteen, and Seventeen are barred from consideration by the sentence-appeal waiver provision. Alternatively, Petitioner has not demonstrated either deficient performance or prejudice as to any of these grounds. The Court notes that Petitioner received a sentence below

---

[6] The Eleventh Circuit Court of Appeals has indicated that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel. *Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007).

the applicable guideline range and no reasonable probability exists that Petitioner would have received a reduced sentence absent counsel's purported deficiencies.  Accordingly, these grounds are denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 5) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case numbers 6:11-cr-255-Orl-37TBS and 6:11-cr-374-Orl-37TBS and to terminate the amended motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Criminal Case I, Doc. 168; Criminal Case II, Doc. 179) pending in those cases.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[7]  Accordingly, a Certificate of Appealability is **DENIED** in this

---

[7] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).

case.

**DONE AND ORDERED** in Orlando, Florida, this 12th day of October, 2016.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 10/12
Counsel of Record
Raquel D'Saronno